BOROUGH OF RUNNEMEDE, A CORPORATION, PLAINTIFF-APPELLANT, v. NEW JERSEY WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Submitted May 26, 1939—Decided September 22, 1939.

"This is a motion to strike the complaint upon the ground that it does not set forth a cause of action, in that no breach of the contract on the part of the defendant is alleged, and that the terms of the contract were not in violation of section 19 of article I of the State Constitution.

"The first count of the complaint seeks to recover the sum of $21,625 for money loaned by the plaintiff to the defendant in violation of section 19 of article I of the Constitution. It further alleges that some portion of this money has been repaid by the defendant to the plaintiff and the complaint seeks to recover the amount alleged still to be due.

"The second count of the complaint alleges a gift to the defendant of the same sum of money and seeks to recover it upon the same theory.

"The third count is for money loaned at the request of the defendant.

"The fourth count is for money given to the defendant at its request.

"All of these counts are based upon the terms of a contract between the plaintiff and defendant dated June 2d, 1930, a copy of which contract is attached to the complaint. The contract recites that the plaintiff has made application to the defendant to construct, operate and maintain mains, pipes and other fixtures and appliances for conducting and transporting water through, in or upon certain streets in the borough of Runnemede according to a schedule attached to the contract. The contract then states:

" 'That for and in consideration of the promises and of the mutual covenants, agreements, terms and conditions herein contained, and of the deposit by the municipality with

the company of the sum of $21,625 as hereinafter provided, it is agreed by and between the parties hereto as follows:'

"The contract then provides for the installment payments by the plaintiff to the defendant of certain sums specified upon various dates, and the company agrees to refund to the plaintiff certain specified sums when connections are made by property owners or tenants, and contracts made for the use of the company's service in accordance with the rates, rules and regulations of the company, and upon the installation of public fire hydrants. There is to be no refund to the plaintiff after a period of ten years.

"The plaintiff agreed and did deposit the money in the amount specified and as recited in the contract:

" 'As a contribution toward the cost of laying and constructing the aforesaid pipe line or lines, which sum shall be and constitute the deposit hereinbefore referred to and to be held and/or refunded by the company as provided for in Sec. 3.'

"This contract was entered into in accordance with one of the plans provided by the Board of Public Utility Commissioners of this state for situations such as existed in the borough of Runnemede. Obviously the object of the contract was to secure a further and additional supply of water for the municipality and its inhabitants, for which the municipality agreed to deposit a certain sum of money toward the cost of construction of such additional supply, which sum of money, if justified by additional consumers, was to be repaid to the municipality. The details of this plan are set forth in the contract and apparently comply with the regulations of the Board of Public Utility Commissioners. The complaint does not allege any defense in the preliminary statutory procedure for the making of such a contract. The work was done, the deposit was made and some return had been made to the municipality. The ten-year period in which such returns were to be made has not expired and it is possible that the full amount of the deposit may be returned to the municipality within the ten-year period.

"However, the plaintiff now seeks to repudiate its agree-

ment and recover money deposited under its terms, upon the grounds that it was without authority to make such a contract and that the contract was in violation of the constitutional prohibition.

"That the municipality had the necessary statutory authority to make a contract for additional water supply for itself and its inhabitants, there can be no doubt.

"Article XXXII of 'An act concerning municipalities,' *Pamph. L.* 1917, *p.* 319, *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2295. The plaintiff argues that the municipality has such authority only by virtue of the provisions of chapter 194, *Pamph. L.* 1923, *p.* 502.

"That the plaintiff had the necessary statutory authority cannot be doubted, whether it is derived from the first quoted statute or as argued by the plaintiff.

"That leaves for consideration the question of whether or not the contract was in violation of section 19 of article I of the State Constitution. That question was dealt with by the Court of Appeals in the case of *Morris and Essex Railroad Co.* v. *Newark,* 76 *N. J. L.* 555. In that case a contract in pursuance of necessary legislative authority was entered into whereby the city of Newark agreed to pay a sum of money to the railroad companies for the elimination of certain grade crossings by depressing or elevating the tracks to secure safety of lives and properties. The legislative authority gave to the municipality power to raise the money for such payment by general taxation. Some payments were made on account of the agreement and suit was brought for the balance. The court held there was a consideration for the contract and that the money that the city of Newark had agreed to pay 'in pursuance of the contract was in no legal or proper sense a contribution or donation by it.' It further held that the purposes of securing the safety of lives and property of its citizens a beneficent and important public object, and the performance of which was a high moral duty owed by the city to its inhabitants.

"In the present case the securing of an additional and further water supply for the inhabitants of the borough of Runne-

mede certainly was a beneficent and important public object. The municipality by this contract secured for its inhabitants a water supply and for itself a supply for fire purposes. For this water supply it agreed to pay a certain specified sum toward the construction of the mains and pipe lines to secure such a supply. Certainly there was a valuable consideration for this payment. The adequacy of it, of course, is not to be determined in this issue.

"This provision of the Constitution was dealt with by Mr. Justice Katzenbach in the case of *Carr* v. *Merchantville,* 102 *N. J. L.* 553. In that case the court dealt with the reasons for the provisions of sections 19 and 20 in article I of the Constitution, as amended in 1875. The reason there given was to prevent that which had been done in a number of western states in giving large land grants together with money for the construction of various trans-continental railroad lines, and the court found that where the municipality was to receive a benefit from a properly authorized contract it could not be properly said that the contribution or money paid on account of such contract was in violation of sections 19 and 20 of article I of the Constitution.

"On the part of the plaintiff it is argued that the case of *Mamaroneck* v. *New York Interurban Water Co.,* 212 *N. Y. S.* 639, was a decision to the contrary. In this case the suit was brought to procure a judgment declaring that certain rules and regulations for the increase of water rents were unreasonable, unlawful and oppressive, and to secure an injunction against the collection of such rates. The court found the increase asked for for the installation of fire hydrants to be unreasonable and to be in violation of the State Constitution because they required the municipality to pay twenty per cent. of the cost of installation of such fire hydrants for a period of ten years, which would make a total payment of two hundred per cent. to the cost of the construction. This the court found to be in violation of the New York Constitution.

"I am, therefore, of the opinion that the contract under consideration was not in violation of section 19 of article I of

our Constitution. I think that the contract provided at least a valuable consideration, if not an adequate one, and that there was a benefit derived by the municipality from such contract. The motion to strike the complaint will be granted."

For the appellant, *Mr. Harry Grossman*.

For the respondent, *Messrs. Curry & Purnell*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Palmer in the Circuit Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.